UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

RODNEY L. NEWCOMB
 Plaintiff,

v.                                    Civil Action No. ___5:26-cv-282-KKC___

OFFICER H. BECKLEY, Badge #1120, individually;
 JOHN DOE EMS #1, individually;
 JOHN DOE EMS #2, individually;

Defendants.

Eastern District of Kentucky
FILED

JUL 24 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## 42 U.S.C. § 1983

## I. JURISDICTION

1. This action is brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.
2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in the Western District of Kentucky because the events giving rise to this action occurred in Shelby County, Kentucky.

## II. PARTIES

4. Plaintiff Rodney L. Newcomb is a citizen of Kentucky.

5. Defendant Officer H. Beckley, Badge #1120, was at all relevant times a police officer employed by the Simpsonville Police Department and acted under color of state law.

6. Defendants John Doe EMS #1 and John Doe EMS #2 are unknown emergency medical personnel who responded to the scene and allegedly acted under color of state law. Their identities are presently unknown despite Plaintiff's diligence and will be substituted when discovered.

## III. FACTUAL ALLEGATIONS

7. On July 24, 2025, Plaintiff was stopped by Officer H. Beckley after police responded to a call requesting police and emergency medical services.

8. EMS personnel arrived at the scene.

9. Plaintiff was physically restrained by John Doe EMS #1 and John Doe EMS #2 while Officer Beckley searched Plaintiff's vehicle.

10. Plaintiff did not consent to the search of his vehicle.

11. Officer Beckley did not request Plaintiff's consent before searching.

12. Officer Beckley stated the search was based on his observation of an alleged open container inside the vehicle.

13. Officer Beckley conducted a warrantless search of Plaintiff's vehicle.

14. During the search, officers located marijuana and an empty beer container.

15. Plaintiff was arrested and charged with offenses including DUI and an open-container violation.

16. Plaintiff voluntarily consented to a blood test requested by law enforcement.

*Privacy Policy*

2

17. Plaintiff's vehicle was towed and placed in impound.

18. While Plaintiff remained incarcerated and before the criminal case concluded, Plaintiff's vehicle was sold.

19. Plaintiff filed a motion to suppress the evidence obtained during the vehicle search.

20. Before the court ruled on the motion to suppress, the criminal charges were dismissed and Plaintiff was released.

21. Plaintiff alleges that the warrantless search violated his rights under the Fourth Amendment.

22. Plaintiff further alleges that the sale of his vehicle deprived him of property without constitutionally adequate due process.

23. As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, loss of property, emotional distress, financial loss, inconvenience, and other damages.

# COUNT I

Fourth Amendment – Unreasonable Search

## (Against Officer H. Beckley)

24. Plaintiff incorporates the preceding paragraphs.

25. Officer Beckley searched Plaintiff's vehicle without a warrant.

26. Plaintiff did not consent to the search.

27. Plaintiff alleges that the search was unreasonable under the Fourth Amendment.

28. As a result of the search, Plaintiff suffered damages.

# COUNT II

Fourth Amendment – Unreasonable Seizure

*Privacy Policy*

(Against John Doe EMS #1 and John Doe EMS #2)

29.     Plaintiff incorporates the preceding paragraphs.

30.     Plaintiff alleges that John Doe EMS #1 and John Doe EMS #2 physically restrained him while Officer Beckley searched the vehicle.

31.     Plaintiff alleges that this restraint was unreasonable under the circumstances and violated his rights under the Fourth Amendment.

## COUNT III

Fourteenth Amendment – Deprivation of Property Without Due Process

32.     Plaintiff incorporates the preceding paragraphs.

33.     Plaintiff's vehicle was impounded following his arrest.

34.     Plaintiff alleges that while he remained incarcerated and before the criminal proceedings concluded, his vehicle was sold.

35.     Plaintiff alleges that he was deprived of his property without constitutionally adequate notice and an opportunity to be heard.

36.     As a result, Plaintiff suffered financial loss and permanent deprivation of his vehicle.

## DAMAGES

37.     Plaintiff suffered:
- Loss of liberty;
- Loss of personal property;
- Loss of the use of his vehicle;
- Emotional distress;
- Humiliation;
- Financial losses;

Privacy Policy

4

- Costs associated with the impoundment and sale of the vehicle;
- Other damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages in an amount to be determined by the jury;

C. Award punitive damages against the individual defendants to the extent permitted by law;

D. Award costs of this action and any other relief authorized by law;

E. Grant such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Rodney L. Newcomb
Plaintiff, Pro Se

---

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

Rodney L. Newcomb, Plaintiff

Privacy Policy

v.                          Civil Action No. 5:26-cv-282-KKC
                                             _____

Officer H. Beckley, et al., Defendants

# AFFIDAVIT

I, Rodney L. Newcomb, being of lawful age, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true based upon my personal knowledge:

1. I am the Plaintiff in this action.
2. On July 24, 2025, Officer H. Beckley stopped and detained me in Shelby County, Kentucky.
3. During the encounter, two emergency medical personnel arrived on the scene.
4. While Officer Beckley searched my vehicle, the two emergency medical personnel physically restrained me.
5. Based on my observations, the EMS personnel acted in coordination with Officer Beckley during the incident.
6. The EMS personnel's actions prevented me from returning to my vehicle or otherwise interfering with the search while Officer Beckley conducted the search.
7. At the time of the incident, I understood the EMS personnel and Officer Beckley to be acting together during a single law-enforcement response.
8. I make this affidavit to describe the facts I personally observed. Whether an agency relationship existed is a legal issue for the Court to determine.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _July 24_, 2026.

Rodney L. Newcomb

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Rodney L. Newcomb,
 Plaintiff,

v.                                    Civil Action No. <u>5:26-cv-282-KKC</u>

Officer H. Beckley, et al.,
 Defendants.

# AFFIDAVIT OF INDIGENCY

I, Rodney L. Newcomb, being first duly sworn, state as follows:

1. I am the Plaintiff in this action.
2. I am unable to pay the filing fee and other costs associated with this civil action without depriving myself of the necessities of life.
3. At the present time, I have little or no disposable income available to pay the filing fee.
4. I have limited financial resources and insufficient assets to pay the costs of this litigation.
5. Paying the filing fee would create a substantial financial hardship for me.
6. Because of my financial condition, I respectfully request permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.
7. I make this affidavit in good faith and for the purpose of requesting leave to proceed without prepayment of fees and costs.

*Privacy Policy*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this _24_ day of _July_, 2026.

Respectfully submitted,

Rodney L. Newcomb
 Plaintiff, Pro Se

One important point

Federal courts usually require more than an affidavit. They almost always require the court's Application to Proceed in District Court Without Prepaying Fees or Costs (AO 239), which asks for details about:

- your monthly income,
- employment,
- cash on hand,
- bank accounts,
- vehicles,
- real estate,
- debts,
- and monthly
1. The court's AO 239 application.
2. This affidavit (if you want to provide additional sworn information).

That gives the judge the information typically required to decide whether to waive the filing fee.

Privacy Policy

8

venue is proper under the applicable federal venue statutes. If the Court determines that venue is improper, Plaintiff respectfully requests that the action be transferred to the appropriate district rather than dismissed.

That preserves your position while acknowledging the court can decide the venue issue.

I also recommend updating your Affidavit of Indigency and any other filing documents to replace:

UNITED STATES DISTRICT COURT⸱SEP⸱WESTERN DISTRICT OF KENTUCKY

with:

UNITED STATES DISTRICT COURT⸱SEP⸱EASTERN DISTRICT OF KENTUCKY

If your reason for filing in the Eastern District is that you believe the Western District judges should not hear the case, or because there's another connection to the Eastern District, let me know. That may affect how the venue allegations should be written.

*Robert; Num*
*Rodney Num*

*2655 Spike Ridge.*
*Rd Stanford, Ky*
*40484*